Porto Rico Fruit Exchange, demandante y apelante, *v.* Martha F. Caul, demandada y apelada.

No. 3636.—*Visto:* Noviembre 24, 1925. *Resuelto:* Mayo 28, 1926.

1. Evidencia—Presunciones—Pertenencia de Cosas en Poder de una Persona.—Poseyendo una persona fincas de frutas citrosas, se presume que ella es la dueña de la fruta embalada y embarcada por ella por conducto de otro o por otro para ella.

2. Evidencia—Presunciones—Cosas Dentro del Curso Ordinario de la Naturaleza y Método Corriente de los Negocios.—Cuando una persona que posee fincas de frutas citrosas es dueña de las frutas embaladas o embarcadas por ella por conducto de otra o por otro para ella, la fruta así embalada y embarcada, se presume cosechada en árboles pertenecientes a ella y recogida de ellos.

3. Evidencia—Presunciones—Continuación de un Hecho o Estado de Hechos.—La condición o situación existente al celebrarse un contrato se presume continúa por un período razonable de tiempo, o por todo el tiempo que ordinariamente duran los casos de igual naturaleza.

4. Contratos—Acciones por su Incumplimiento—De la Evidencia—Presunciones y Peso de la Prueba.—Entablada acción en cobro de cantidad por daños y perjuicios liquidados por incumplimiento de un contrato en el cual las partes, al celebrarlo, no tuvieron presentes ningún cambio substancial en las condiciones existentes entonces mientras subsistiera el mismo, se resolvió al demandado incumbía probar cualquier cambio o modificación en la situación debido a sucesos posteriores.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), desestimando demanda sobre daños y perjuicios, con costas. *Revocada y devuelto el caso.*

*Enrique Rincón* y *Agustina Cámara,* abogados de la apelante; *E. B. Wilcox,* abogado de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La demandante estableció demanda en cobro de una cantidad especificada por caja, por daños y perjuicios liquidados por el incumplimiento de un contrato para embalar frutas citrosas.

La corte inferior dictó sentencia a favor de la demandada después de declarar con lugar una moción de *non suit* por los fundamentos expresados por el juez sentenciador, a saber:

"La Corte considera que el hecho quinto de la demanda que es uno principalísimo, y puede decirse que en él descansa este caso, no ha sido suficientemente probado. Este hecho quinto dice así:

" 'Que la aquí demandada, Martha F. Caul, cumplió tal contrato hasta el año 1919, pero durante los años 1920 y 1921 dejó de enviar sus frutas al Packing House de la demandante, no obstante haber cosechado y embarcado por otros conductos, dicha demandada, unas 11,900 cajas de frutas.'

"Aquello a que se obligó la demandada en el contrato celebrado con la demandante, en cuanto a las frutas que pudiera cosechar en su finca, es como sigue: (copiando de dicho contrato, hecho primero.)

" 'That for and in consideration of the covenants and agreement herein contained each of the second parties hereby agrees to pick, haul and deliver to the first party at its packing house at Espinosa in said Island, for the purpose of packing all the grapefruits and oranges, now growing upon his land and premises and all that during the terms of this agreement may be grown upon his land and premises, or on other land or premises owned by him and situated in the municipalities of Dorado and Vega Alta in said Island when same shall have reached a proper state of maturity for picking and at such time or times and from time to time as said parties of the second part may direct, subject to the further provisions set out herein.'

"No ha sido traído ante nosotros ni un átomo de evidencia para probar que en la finca de la demandada se cosechasen toronjas en los años 1920 y 1921. Naturalmente que tampoco ha sido probado el número de cajas que fueron cosechadas y embarcadas en la finca

de la demandada, para que pudiéramos tener una base cierta sobre la cual dictar la sentencia que se solicita.

"Es cierto que se probó que la demandada embarcó algunas toronjas, pero aún con los mismos testigos de la demandante ha quedado comprobado que estas toronjas pudieron ser cosechadas en otra finca; que es costumbre entre algunos cosecheros embarcar no tan sólo las frutas que producen en terreno propio, sino también las cosechadas por otras personas. No existe ninguna presunción que nos pueda llevar a concluir que las toronjas embarcadas por la demandada fueron precisamente las cosechadas en su finca, si algunas se cosecharon.

"En esta situación, la Corte es de opinión que procede declarar como declara con lugar la moción de *nonsuit,* y en su consecuencia declara sin lugar la demanda con costas a la demandante."

El artículo 4 de la Ley de Evidencia expresa que:

"La ley no exige aquel grado de prueba que, excluyendo la posibilidad de error, produzca absoluta certeza; porque tal prueba es rara vez posible. Sólo se exige la certeza moral, o un grado de prueba que produzca convicción en un ánimo no prevenido."

Entre las presunciones disputables enumeradas en el artículo 102 de dicha ley, están las siguientes:

"11.—Que las cosas que obran en poder de una persona son de su pertenencia."

"20.—Que se ha seguido el curso ordinario de los negocios."

"27.—Que las cosas han ocurrido de acuerdo con el proceso ordinario de la naturaleza y los hábitos ordinarios de la vida."

"31.—Que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran los casos de igual naturaleza."

[1, 2] El hecho de que la demandada poseía fincas de toronjas y chinas en producción en el Dorado y Vega Alta aparece del mismo contrato. La prueba aducida en el juicio no revela la propiedad de otras fincas fuera de los límites territoriales de esos municipios. Por disposición expresa de la subdivisión 11 del artículo 102, *supra,* se presume que la demandada es la dueña de la fruta embalada y embarcada por ella por conducto de la Fruit Union, o por

la Fruit Union para ella.  Que la fruta así embalada y embarcada se había cosechado en árboles pertenecientes a la demandada y recogida de ellos, es lo que hubiera ocurrido dentro del curso ordinario de la naturaleza y de acuerdo con el método corriente de los negocios.

[3] El hecho de que ciertos cosecheros a veces embalan y embarcan frutas pertenecientes a otros, no es sino una excepción que sirve para explicar la regla.  La posibilidad sugerida por el abogado de la apelada de que la demandada pudo haber vendido las propiedades mencionadas en el contrato celebrado con la demandante, o el fruto en los árboles, o arrendado dichos huertos a otras personas, no requiere seria consideración.  La situación como existía al celebrarse el contrato se presume que continúa por un período razonable de tiempo, o por "todo el tiempo que ordinariamente duran los casos de igual naturaleza."

Las partes según parece no tuvieron presente ningún traspaso o arrendamiento de propiedad inmueble, o venta de frutas en los árboles, u otro cambio sustancial de las condiciones existentes mientras subsiste el contrato.  Pero de todos modos incumbía a la demandada probar cualquier cambio o modificación sustancial en la situación debido a sucesos posteriores.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.